# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID GILBERT** | **CIVIL ACTION NO.: 19-13675** |
| **VERSUS** | **SECTION:** |
| | **DISTRICT JUDGE** |
| **GULF OFFSHORE LOGISTICS, L.L.C., REC MARINE LOGISTICS, LLC and OFFSHORE TRANSPORT SERVICES, L.L.C.** | **MAGISTRATE JUDGE** |

## COMPLAINT

Plaintiff, David Gilbert, individual of the full age of majority and domiciled in Lafourche Parish, Louisiana, respectfully represent as follows:

I.

Made Defendants herein are:

A. Gulf Offshore Logistics, L.L.C. (hereinafter "GOL"), is a limited liability company, authorized to and doing business in the State of Louisiana, which has appointed Todd P. Danos as its registered agent for the service of process, whose address is 4535 Highway 308, Raceland, Louisiana 70394;

B. REC Marine Logistics, LLC (hereinafter "REC Marine"), is a limited liability company, authorized to and doing business in the State of Louisiana, which has appointed Ronald Elie Chaddock as its registered agent for service of process, whose address is 4535 Highway 308, Raceland, Louisiana 70394; and

C. Offshore Transport Services, L.L.C. (hereinafter "Offshore Transport"), is a limited liability company, authorized to and doing business in the State of Louisiana, which

has appointed Todd P. Danos as its registered agent for the service of process, whose address is 4535 Highway 308, Raceland, Louisiana 70394.

II.

Plaintiff brings this action pursuant to 46 U.S.C. § 30104, more commonly known as the Jones Act.

III.

Jurisdiction of this matter is conferred by 28 U.S.C. §§ 1331 and 1333 (1); venue of this action is pursuant to 28 U.S.C. § 1391 (b) and (c). This action is filed without the prepayment of costs pursuant to 28 U.S.C. § 1916.

IV.

On and prior to November 4, 2019, Defendant, Offshore Transport, owned and Defendants, GOL and REC Marine, were operating a vessel known as the M/V DUSTIN DANOS.

V.

At all pertinent times, Defendants, GOL and REC Marine, employed Plaintiff, David Gilbert, as a Jones Act seaman assigned to the aforementioned vessel.

VI.

On or about November 4, 2019, Plaintiff, David Gilbert, was working aboard the M/V DUSTIN DANOS, which was upon navigable waters. Plaintiff was in the galley of the vessel when the M/V DUSTIN DANOS collided with an object, and, upon this impact, he felt his right knee buckle. This incident resulted from the negligence of Defendants, GOL, Offshore Transport and REC Marine.

VII.

As a result, Plaintiff suffered severe and disabling injuries to his right knee and back.

VIII.

The above-described incident was caused by the negligence of Defendants, GOL, REC Marine and Offshore Transport, its agents, servants, employees or others for whom it is legally responsible in the following, though not exclusive, respects:

    A.       By failing to provide Plaintiff with a safe place to work;

    B.       In failing to create a safe work environment for Plaintiff;

    C.       By failing to maintain control of the vessel;

    D.       By negligently operating the vessel;

    E.       By failing to properly train its employees;

    F.       By failing to provide an adequate crew;

    G.       By failing to maintain a proper lookout on the vessel; and

    H.       Other acts of negligence that will be demonstrated at the trial of this matter.

IX.

Due to injuries sustained by Plaintiff, David Gilbert, he has endured physical disability, has suffered grievous physical and mental pain and anguish, loss of bodily function, and embarrassment, and is entitled to recover from Defendants, GOL, REC Marine and Offshore Transport, the sum of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS.

SECOND CAUSE OF ACTION

X.

And now, Plaintiff, David Gilbert, alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs.

XI.

Under the general maritime law, it was the duty of Defendant, Offshore Transport, as the owner and Defendants, GOL and REC Marine, as the operators of the M/V DUSTIN DANOS, to furnish its seamen employees with a safe place to work, with safe gear, appurtenances and equipment, with an adequate crew and a seaworthy vessel.

XII.

Plaintiff shows that at the time and place of the occurrence of the incident, on or about November, 4, 2019, Plaintiff was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen and, therefore, was owed the warranty of seaworthiness by Defendants, GOL, REC Marine and Offshore Transport.

XIII.

Plaintiff avers that the failure of Defendants, GOL, REC Marine and Offshore Transport, to provide Plaintiff with a safe place to work, failing to create a safe work environment, failure to properly train its employees, and failure to provide an adequate crew renders the M/V DUSTIN DANOS unseaworthy, and that unseaworthiness was a proximate cause of Plaintiff's incident and injuries, and his resulting illness and disability.

THIRD CAUSE OF ACTION

XIV.

Now, Plaintiff, David Gilbert, alleges a third cause of action under the general maritime law for wages, maintenance and cure, past and future, and reiterates all of the allegations contained in the first two causes of action.

## XV.

Plaintiff avers that he is entitled additionally to wages, maintenance and cure, at the rate of FIFTY AND NO/100 ($50.00) DOLLARS per day, for any period after November 4, 2019, wherein Defendants will owe Plaintiff wages, maintenance and cure, and to an underdetermined date in the future, during which he is unable to work and perform his duties as a seaman and has not reached maximum cure, which Plaintiff estimates to be in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, and demands compensatory and punitive damages and attorneys' fees in the event that he is required to pursue by proper procedure the recovery of said maintenance and cure.

## JURY DEMAND

Pursuant to the provisions of the aforesaid 46 U.S.C. § 30104, more commonly known as the Jones Act, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, David Gilbert, demands a judgment against Defendants, Gulf Offshore Logistics, L.L.C., REC Marine Logistic, LLC and Offshore Transport Services, L.L.C., in the sum of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) DOLLARS, with legal interest from the date of injury, together with all costs and disbursements of this action, for all appropriate and general relief and for a trial by jury.

Plaintiff further demands judgment against Defendants, Gulf Offshore Logistics, L.L.C. REC Marine Logistics, LLC and Offshore Transport Services, L.L.C., for wages, maintenance and cure in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS. Further, in the event it becomes necessary to pursue collection of maintenance and cure, Plaintiff demands compensatory and punitive damages, as well as attorneys' fees, against Defendants.

Plaintiff further prays for all general, legal, equitable and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

Respectfully submitted:

_____
**C. ARLEN BRAUD, II, #20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Ste. 201
Mandeville, LA 70448
Telephone:	(985) 778-0771
Facsimile:	(985) 231-4663
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
***Counsel for Plaintiff, David Gilbert***

**TO BE SERVED BY SUMMONS:**

Defendant, Gulf Offshore Logistics, L.L.C.
*Through its registered agent for service:*
Todd P. Danos
4535 Highway 308
Raceland, Louisiana 70394

Defendant, Offshore Transport Services, L.L.C.
*Through its registered agent for service:*
Todd P. Danos
4535 Highway 308
Raceland, Louisiana 70394

Defendant, REC Marine Logistics, LLC
*Through its registered agent for service:*
Ronald Elie Chaddock
4535 Highway 308
Raceland, Louisiana 70394