```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

David Gilbert                         )    CIVIL ACTION
Plaintiff                             )
                                      )    NO. 19-14675
versus                                )
                                      )
Gulf Offshore Logistics, LLC          )    JUDGE Ivan Lemelle
REC Marine Logistics, LLC             )
Offshore Transport, LLC               )
Defendants                            )    MAGISTRATE (3)
_____ )
```

## ANSWER TO SEAMAN COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes REC, Marine Logistics, LLC, Offshore Transport Services, LLC, and Gulf Offshore Logistics, LLC, made defendants herein by the Complaint of David Gilbert, who, with respect to the allegations contained in the plaintiff's Complaint, answers as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant, Offshore Transport Services, LLC, pleads limitation or exoneration of liability under the provisions of the **The Limitation of Liability Act.**

### THIRD DEFENSE

And now in further answer, defendant, Gulf Offshore Logistics, LLC, is improperly named, and has nothing whatever to do with Plaintiff, Gilbert, or the vessel he was allegedly

working on.  Offshore Transport Services, LLC, states that it was the naked owner of the alleged vessel but did not employ Plaintiff, and had no operational or navigational control over the alleged vessel which was contracted (chartered) to another party.  REC specifically answers each allegation of plaintiff's Complaint as follows:

1.

The allegations of paragraph II of the Complaint are vague as worded and therefore denied pending a more definitive statement.

2.

The allegations of paragraphs numbered IV, V, VII, VIII, IX, X, XI,XIII, XIV, XV, are denied.

3.

The allegations of paragraph VI are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph II, III, XII, and Jury Demand of the Complaint require no response from defendant, however should the Court deem answer necessary, the allegations are all denied.

**FOURTH DEFENSE**

While at all times specifically denying any and all fault, negligence or responsibility to the plaintiff, defendants allege and aver that the damages sustained by the plaintiff, if any,

were caused solely by his own fault, neglect, misconduct, inattention, or breach of duty without any fault whatsoever on the part of defendants; but, in the event that plaintiff may be able to establish any fault or negligence on the part of the defendants, which is at all times denied, defendants pleads the substantial comparative negligence of the plaintiff as a bar to and/or reduction of any award of damages to the plaintiff herein, if any.

### FIFTH DEFENSE

As a further defense, defendants allege and aver that the plaintiff has failed to mitigate his damages as required by law and is thereby precluded from making any claim for damages in excess of those which could have been prevented in the exercise of ordinary care and prudence in mitigating one's damages.

### SIXTH DEFENSE

Alternatively, defendants allege and aver as a separate defense, that any accident or injuries plaintiff may prove were the result or results of the acts and/or omissions, commissions, negligence and/or breach of duty of other parties or third parties, over whom defendants had no control and for which acts and/or omissions the defendants have no responsibility, legal or otherwise, which contributed in varying combinations and degrees with the negligence and/or breach of duty of the plaintiff to produce the result complained of herein.

s **SEVENTH DEFENSE**

As an additional defense, defendants allege and aver that if plaintiff was damaged or sustained the alleged damage, it was in the course of his normal job duties and occupational tasks, without any fault or neglect of his employer, and he is therefore estopped from making claims for normal risks assumed as incidental and inherent in the nature of his employment.

**EIGHTH DEFENSE**

If the plaintiff was injured, his injury arose from his own failure to perform the personal duties and responsibilities of his employment and which failure created an unreasonably unsafe place to work and/or an unseaworthy vessel, if any such condition is found to have existed and to have caused the plaintiff's injuries.

**NINTH DEFENSE**

While at all times denying liability, should any defendant, be found liable, then the defendant(s) would show that such acts for which the defendant(s) is held liable were not within the privity or knowledge of the owners and the operators of vessel. Therefore, Defendant(S) is/are entitled to limit its/their liability to its/their interest in vessel at the end of her voyage, plus the freight then pending, pursuant to 46 U.S.C. 183 *et. seq.*

**WHEREFORE,** Defendants, pray that its/their answer be deemed good and sufficient, and that after all legal delays and due proceedings have been had, that there be judgment herein in its/their favor and against plaintiff, David Gilbert, dismissing all of plaintiff's claims, with prejudice, at plaintiff's costs; and for all other just and equitable relief.

Respectfully submitted,

**/s/ Fred E. Salley**
_____
FRED E. SALLEY, T.A.  (11665)
SALLEY & ASSOCIATES
77378 Hwy 1081
Covington, LA.  70435
Telephone: (985) 867-8830
All Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Postal Service, properly addressed and postage prepaid this 19th day of November 2019.

_____
Fred E. Salley