UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID GILBERT** | **CIVIL ACTION NO.: 19-13675** |
| | **SECTION: "B" (3)** |
| **VERSUS** | |
| | **DISTRICT JUDGE** |
| | **IVAN L.R. LEMELLE** |
| **GULF OFFSHORE LOGISTICS, L.L.C., ET AL.** | |
| | **MAGISTRATE JUDGE** |
| | **DANA M. DOUGLAS** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY**

Plaintiff, David Gilbert, asks this Court to issue an order compelling Defendants, REC Marine Logistics, LLC and Offshore Transport, LLC, to respond to the discovery requests propounded by Plaintiff. On January 2, 2020, Plaintiff propounded discovery requests upon Defendants. (Ex. A, Plaintiff's First Set of Interrogatories and Requests for Production to Defendants.) Thereafter, Defendants provided responses to Plaintiff's Requests for Production. (Ex. B, Defendants' Responses to Requests for Production.)[1]

On March 24, 2020, Plaintiff submitted a letter to Defendants outlining deficient discovery responses and setting a discovery conference. (Ex. C, Letter to Defendants Setting Discovery Conference.) During the discovery conference on March 31, 2020, the parties discussed those matters addressed in Plaintiff's letter, and Plaintiff agreed to provide Defendants with a three-week extension to provide supplemental responses and documents responsive to requests for production. After the conference, Plaintiff confirmed and memorialized the parties'

---

[1] Included with Exhibit B are Defendants' Responses to Plaintiff's Interrogatories, which were provided via a supplement on March 31, 2020.

discussion in an e-mail sent to Defendants. (Ex. D, E-Mail to Defendants Recapping Discovery Conference, dated March 31, 2020.) Defendants have supplemented their responses, but have failed to provide all supplements and documents agreed to during the discovery conference. Plaintiff has sent Defendants three follow-up letters regarding the outstanding supplemental responses and responsive documents that Defendants agreed to provide. Unfortunately, Defendants have failed to date to fully respond as discussed and agreed.

Specifically, Defendants agreed to and have failed to provide the following supplements or responsive documents:

- Request for Production No. 3 – Defendants have failed to provide the U.S. Coast Guard certifications for the M/V DUSTIN DANOS, providing instead an internet printout that lists the certificates, a disclosure that is evasive and incomplete.[2]

- Request for Production Nos. 4 & 14 – Defendants provided Plaintiff with a safety manual and an operations manual for GOL, LLC. Plaintiff requested clarification as to the involvement of GOL, LLC in this matter, if any, and/or the safety and operations manuals for REC Marine Logistics, LLC and/or Offshore Transport Services, LLC.[3] To date, Defendants have provided no clarification on this matter.

- Request for Production No. 5 – Defendants have failed to produce Plaintiff's complete personnel file as agreed.

- Request for Production No. 6 – Defendants have failed to produce any accident/investigation reports related to Plaintiff as agreed.

- Request for Production No. 8 – Defendants have failed to produce Plaintiff's

---

[2] *See* Ex. E, Defendants' submission in response to Plaintiff's Request for Production No. 3.
[3] *See* Ex. F, Letter to Defendants Requesting Supplemental Information, dated July 29, 2020 (but was sent to counsel for Defendants on July 31, 2020).

      statement related to this incident as indicated in their response.

- Request for Production No. 10 – Defendants have failed to produce payroll records as indicated in their response.

- Request for Production No. 18 – Defendants have failed to supplement/clarify their response as agreed.

- Request for Production No. 20 – Defendants have failed to produce the insurance or P&I policy as agreed.

- Request for Production No. 25 – Defendants have failed to produce a representation of the vessel as agreed or to supplement their response if there is no responsive material.

- Request for Production Nos. 28 & 29 – Defendants have failed to revise their responses as agreed.

Defendants have agreed to provide supplemental responses and/or responsive documents, but have failed to do so as indicated above. Either the requested documents exist, in which case Defendants should be compelled to respond, or they do not exist and Defendants should be required to indicate as much in a supplemental response. In any case, Defendants' assurances that supplemental information is forthcoming are no longer sufficient.

## **CONCLUSION**

Defendants have failed to provide timely responses to Plaintiff's discovery requests. This failure is impacting Plaintiff's ability to prepare this matter for trial. For the reasons stated herein, Defendants' should be compelled to supplement their responses and produce responsive documents as requested and agreed.

Respectfully submitted:

_____
**C. ARLEN BRAUD, II (#20719)**
**MICHELLE O. GALLAGHER (#23886)**
**STEVEN D. JACKSON (#35841)**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd, Ste. 201
Mandeville, LA 70448
Telephone:     (985) 778-0771
Facsimile:      (985) 231-4663
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, I electronically filed the foregoing with the clerk of court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

_____
**STEVEN D. JACKSON**